DUNCAN, Circuit Judge,
dissenting:
It is undisputed that De Leon presents no credible evidence to carry his burden of proving freedom from official restraint upon entry into the United States as required by NACARA. 8 U.S.C. § 1229a(c)(4); In re G-, 20 I. & N. Dec. 764, 770-71 (BIA 1993). Although the majority recites that fact, it fails to recognize its analytical significance. To be clear, I am not, as the majority mistakenly appears to believe, requiring De Leon to prove a negative — i.e. that he was not under official restraint prior to being observed by Agent Huffman. I simply seek to hold him to his statutory burden of presenting some credible evidence regarding the circumstances of his entry into the United States. Because he presents none, not even as to the passage of time, I respectfully dissent.
To establish freedom from official restraint, an applicant must prove that he was “free[ ] to go at large and mix with the population” between the time he entered the United States and the time he was apprehended. In re Pierre, 14 I. & N. Dec. 467, 469 (BIA 1973). The government acknowledged at oral argument, that had De Leon been found credible by the Immigration Judge, his testimony would have established the circumstances of his entry, and I agree. See Matter of G-, 20 I. & N. Dec. 764, 777 (BIA 1993).
Indeed, as the BIA explained below, the law requires only that De Leon establish the circumstances of his entry into the United States by providing some credible evidence regarding when and how he entered the United States. Joint Appendix 4-5. Here, because De Leon is not credible, we have evidence only of his apprehension by Agent Huffman. We know nothing of the circumstances of De Leon’s entry, including whether he was observed by a government official.* The absence of evidence is not evidence of absence. Yet, *346 the majority finds Agent Huffman’s report sufficient to establish that De Leon “necessarily enjoyed” freedom from official restraint before being observed by Agent Huffman at “milepost nine.” Maj. Op. 342. There is no basis whatsoever in the record for this assumption, particularly when it is drawn in favor of the party bearing the statutory burden of proof.
Where “there is no clear evidence of the facts determinative of the entry issue, th[e] ease[] ultimately must be resolved on where the burden of proof lies.” Matter of G-, 20 I. & N. Dec. at 777. Here, the adverse credibility ruling means that we have no evidence regarding De Leon’s entry. By holding that De Leon nonetheless prevails, the majority necessarily and without explanation shifts to the government the burden of proving what happened before De Leon was apprehended. This is contrary to law.
Because the majority ignores the significance of the adverse credibility ruling and, as a result, misallocates the burden of proof, I respectfully dissent.

 In In re Z-, 20 I. & N. Dec. 707 (1993), the BIA found both the circumstances of the applicant’s entry into the United States and the fact that the record established a lapse in time between his unwitnessed entry and his apprehension relevant in holding that the applicant carried his burden of proving freedom from official restraint. Id. at 708, 713-14. Contrary to the majority’s contention, therefore, the BIA quite properly applied its precedent in holding that De Leon failed to establish freedom from official restraint because he failed to present any comparable evidence, or, in fact, any evidence at all to carry his burden of proof. I would equally properly affirm for that reason.
I also feel compelled to once point out yet again that the only thing I would to do is hold De Leon to his statutory burden of presenting some credible evidence regarding the circumstances of his entry into the United States. Had De Leon himself been credible, this would have been enough. The majority strains to give the impression that the dissent would create some untethered obligation out of whole cloth, as opposed to recognizing — -as it does not — the burden of proof imposed by law. Were the majority to point to some legally cognizable evidence of the circumstances of entry, I would gladly yield. It proffers none — not the proverbial scintilla. And mischaracterizing the dissent will not fill that analytical void.